WALTER R. WOOD AND CHARLES P. WILLIAMS, APPELLANTS, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENTS.

*Agency — Liability of municipal corporation, under contract made with its agents — chap. 202 of 1870.*

The plaintiffs having furnished materials for the erection of a court-house, upon the purchase thereof by commissioners designated for that purpose under chapter 202 of 1870, and authorized to locate and erect a court-house in the city of New York, for the purposes of the city, but having no continuous or corporate powers, *held*, that the city was liable therefor.

*Maximilian* v. *Mayor* (9 N. Y. S. C. [2 Hun], 263) distinguished.

APPEAL from a judgment dismissing the complaint and directing exceptions to be heard in the first instance at General Term.

*James W. Gerard* and *John M. Bowers*, for the appellants.

*D. J. Dean*, for the respondents.

BRADY, J.:

The plaintiffs furnished materials toward the erection of a court-house, upon the purchase thereof by the commissioners designated for that purpose, under an act of the legislature, passed April 14, 1870 (chap. 202, Laws of 1870). The act provided, that within ten days after its passage, the mayor should appoint one commissioner, who, together with two police justices, then holding court in the district named, should be commissioners to locate and erect, in that district, a suitable building to be used as a court-house. The commissioner having been selected by the mayor, he, in connection with the police justices contemplated by the statute, entered upon the discharge of their duties, and in their fulfillment purchased the materials already referred to. Issue having been joined, the cause came on duly to be tried, and the complaint was dismissed upon the authority, it was said, of the case of *Maximilian* v. *The Mayor* (9 N. Y. S. C., 263). The plaintiff also applied for a mandamus to compel the payment of their claim, but were met by the objection,

that they had an adequate remedy by action against the commis sioners, and the application was denied. These respective legal attitudes of the defendants seem to be inconsistent, but may be reconciled by the proposition declared on their behalf, that the commissioners are not their agents or servants. It does not seem to be questioned however, that if the converse of this proposition be correct, the defendants are liable to an action at the instance of the plaintiffs.

The question thus presented is easy of solution. The building to be erected was to be placed upon the land of the defendants, and for purposes not only connected with the affairs of the municipality, but peculiarly local. The commissioner to be selected and the police magistrates who were to act with him, were all city officers, and were to render a service for the city in reference to a corporate matter or duty, namely, providing a place in which to hold a city court. The commissioner to be appointed, it was no doubt designed by the legislature, should be a person having experience in building, and the justices were united because of their supposed knowledge of the locality and its wants, and of their experience and observation, as to the better plan to be adopted in the construction of the building. They had no interest in or power over the building, except for the purposes of its erection, and were subject to the supervision, of the courts in the exercise of that authority. It was limited by the statute, and under control. They were not independent of the city government, but its agents, specifically designated for a particular purpose to act in their behalf. They were acting for, and on behalf of, the city, selected to accomplish the result desired, as the best means by which it could be obtained. The case of *Maximilian* v. *The Mayor* bears no analogy to the case, and is not at all applicable. The doctrine of that case is, that a municipal corporation is not liable for omissions of duty specifically imposed upon one of its officers. The action was one sounding in tort. The plaintiff sought to recover damages sustained by the death of his intestate, caused by injuries received through the negligence of one of the subordinates of the board of health. It was declared in that case that, under the laws, the entire management and government of the department were confided to the commissioners, and that included the appointment, control and direc-

tion of all subordinates employed in it. And, further, that the subordinates were solely and exclusively the servants of the commissioners as public officers, whose powers and duties were prescribed by the laws of the State, and that the commissioners were not in the service of the city, but of the public, having their own functions and authority, prescribed and defined by the laws of the State, and not subject to the control, restraint or direction of the city or its mayor. The act of 1870 (*supra*) declared that the building, erected under the superintendence of the commissioners, shall be the property of the mayor, aldermen and commonalty of the city of New York. It was to be erected on real estate belonging to the corporation (§ 2), and by section 3 it was provided that, in the performance of their duty, the commissioners might employ the necessary assistants, for which payment should be made by the comptroller in the usual method of making payments for city purposes, upon vouchers to be approved. The commissioners were to act for the city in reference to its property, charged with a special duty, which, when performed, ended their power, and they ceased to have any authority over the subject. They were to locate and erect a building for and on behalf of the city, and as its agents so constituted by law, having no corporate or continuous power, or indeed any other power than to locate and erect the building. The case is analogous to *The People* v. *Van Nort* (reported in 64 Barb., 205), in which it appeared that the commissioner of public works was authorized, in his discretion, to cause water meters of an approved pattern, suitable for the purpose to be designated by him, to be placed in all stores, workshops, hotels, etc. The statute authorizing this proceeding, it was held, was a deliberate declaration by the legislature that the transaction should not be subjected to the general provision of the charter in reference to contracts. The whole subject was placed in the hands of the commissioner. He acted for the city. The commissioners selected to locate and erect the building contemplated by the act of 1870 (*supra*) acted for the city, the subject embraced was placed in their hands, and the corporation designed to be the paymaster for the expense. The judgment, for these reasons, should be reversed.

The motion for a mandamus was properly denied, because the remedy was by action.

The result of this review is, therefore, that the judgment be reversed and a new trial granted, with costs to abide the event, and that the order appealed from be affirmed with ten dollars costs and disbursements, to be adjusted upon the termination of the action.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly.